

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-6964
Re: Refund Claim by Veterans
Administration for Gasoline
Taxes Paid by Beneficiary -
Claimants Traveling on Ac-
tual Expense Basis.

Your letter of September 19th submits the following question for opinion:

"The Veterans Administration have filed several claims from their branch offices in Texas for refund of the tax paid upon motor fuel purchased and used upon the public highways of Texas by beneficiaries of the Veterans Administration who are required to travel to Veterans' Hospitals once a year for examination as a prerequisite to drawing disability compensation. The Federal Government either by regulation or statute reimburses the beneficiaries for the travelling expense incurred on such trips.

"The Veterans Administration have cited a decision of the Comptroller General of the United States, Volume 15, to support their claim for refund of State tax which reads in part as follows:

"'Purchases of gasoline and oil by employees or beneficiaries of Veterans' Administration traveling under official orders on an actual expense basis for which the traveler is reimbursed by the Government must be considered purchases for the exclusive use of the United States within the meaning of section 401 of the Revenue Act of 1935, 49 Stat. 1025, and tax exempt effective October 1, 1935.
(Page 728)

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"'No distinction should be made,
as to payment of State Taxes, between
purchases by employees and by benefi-
ciaries, since purchases by both classes
are equally for the use of the United
States.' (Page 732)

"Section 13(d) of the Motor Fuel Tax Law, Art.
7065b, Vernon's Annotated Civil Statutes, recog-
nises the United States Government's right to pur-
chase motor fuel free of the Texas tax when such
purchase is made for exclusive use by the Govern-
ment and indirectly this statute authorizes the
sale of tax free motor fuel to the Federal Govern-
ment only when such motor fuel is for the exclu-
sive use of said Government.

"Will you please advise us whether or not the
Comptroller can legally pay a refund of tax col-
lected upon motor fuel used by beneficiaries of
the Veterans Administration traveling under offi-
cial orders to Government Veterans' Hospitals as
described hereinabove?"

From the inquiry, it is obvious that the claim for
refund is based upon the contention that imposition of the tax
under the attendant circumstances constitutes the tax a burden
on the Federal Government, which, because of our federalism,
is beyond the constitutional power of the State of Texas. It
is undoubted that the Federal Government has power to grant and
allow such pensions and compensations for present and past
services with the armed forces of the United States, or for
injuries or disabilities suffered while in the public service,
as Congress may deem proper; and corollary to this power, it
is competent for Congress to adopt all legislation necessary
and proper to the execution thereof. United States v. Hall,
98 U.S. 343, 25 L. Ed. 180; United States v. Van Leuven, 62
Fed. 52. We have found no federal enactment, and none has
been cited to us, whereby immunity is granted to beneficiaries
or pensioners of Veterans Administration, from payment of gaso-
line taxes incurred in execution of travel orders to and from
a Veterans' Hospital for physical examination required by
Veterans' Administration annually as prerequisite to drawing
disability compensation. Such immunity as attaches, therefore
must derive directly from the Constitutional immunity of the
Federal Government to State taxes. M'Culloch v. Maryland, 4
Wheat. 421, 4 L. Ed. 605; Graves v. New York ex rel. O'Keefe,
306 U.S. 466, 83 L. Ed. 927, 59 S. Ct. 595, 120 A.L.R. 1466;

Alabama v. King & Boozer, 314 U.S. 1, 86 L. Ed. 1, 62 S. Ct. 43; Curry v. United States, 314 U.S. 14, 86 L. Ed. 9, 62 S. Ct. 48; James v. Dravo Contr. Co., 302 U.S. 134, 82 L. Ed. 155, 58 S. Ct. 206, 114 A.L.R. 318.

Thus viewed, the problem here to be considered is that stated by the Supreme Court of the United States in the case of Graves v. New York ex rel. O'Keefe, supra, (120 A.L.R. 1470):

"It follows that when exemption is claimed on the ground that the Federal government is burdened by the tax, and Congress has disclosed no intention with respect to the claimed immunity, it is in order to consider the nature and effect of the alleged burden, and if it appears that there is no ground for implying a constitutional immunity, there is equally a want of any ground for assuming any purpose on the part of Congress to create an immunity."

The tax here involved is a non-discriminatory levy on the first sale or use of gasoline within the State of Texas, with the incidence of the tax laid upon the person ultimately using the fuel for propulsion of a motor vehicle upon the public highways of this state. Attorney General's Opinion No. O-6341. Express provisions are contained in the Act, excepting from the tax sales made to the United States Government for its sole use. (Subsec. (d), Sec. 2, and Subsec. (d), Sec. 13, Texas Motor Fuel Tax Act; Vernon's Stat., Art. 7065b.)

As we understand the transaction here involved, the pensioner-beneficiary is merely ordered to report to a Government Hospital for physical examination upon which his right to disability compensation is made to depend. So far as we are advised, the mode of transportation is not specified, but the claimant is allowed to travel by private automobile if he desires. For completion of the required travel, the Federal Government assumes to reimburse the disability claimant for "actual expenses." The conception that this arrangement between the Federal Government and the disability-claimant results in the actual payment by the Federal Government of the amount of the gasoline tax laid by the State of Texas upon the gasoline purchased and used by the claimant in making the trip probably gives rise to the claim for refund which Veterans' Administration has presented. That the result of imposing the tax is a consequential increase in the amount which the Federal Government lays out in the form of reimbursement of the disability

claimant for travel will be assumed for purposes of this opin-
ion. (In point of fact, the so-called "actual expense" basis
of reimbursement is but an approximation of travel cost. In-
direct costs are not calculated, and any direct expenditure
deemed excessive or inappropriate is as a matter of practice
reduced as to excess or disallowed. It cannot accurately be
described as actual cost of travel, any more so than can an
allowance of a specified amount per mile.)

The tax is not laid upon the United States Government,
nor upon sales to the Government, nor upon uses made by the
Government of fuel purchased. At the time of purchase by the
beneficiary of gasoline used for the trip, as we understand the
transaction, the fuel is not acquired for or in the name of the
United States; the purchaser is not an agent of the United
States and cannot bind it by the sale contract for the gasoline.
In event the purchase is not for cash, we do not understand
that anyone but the disability-claimant, as an individual,
would be responsible for payment of the obligation. Alabama
v. King & Boozer, supra. If such be the case, it is apparent
that upon completion of the sale, title to the fuel vests in
the disability-claimant as an individual, and not in the Unit-
ed States. It is upon this sale that the tax attaches. Is
the tax thus incurred a liability or burden imposed upon the
Federal Government within the implied condemnation of our Fed-
eral Constitution? We think not. Insofar as the contract on
account of which the tax must be paid under the present state
of facts is concerned, the disability-claimant is an individual
contractor, independent of the Federal Government, and not its
agent or servant. The direct transaction on account of which
the tax accrues is therefore not one burdening or affecting
the Federal Government. James v. Dravo Contr. Co., supra;
Trinityfarm Contr. Co. v. Grosjean, 291 U.S. 466, 78 L. Ed.
918, 54 S. Ct. 469; Metcalf v. Mitchell, 269 U.S. 514, 70 L.
Ed. 384, 46 S. Ct. 172; Cf., Panhandle Oil Co. v. Mississippi,
277 U.S. 218, 72 L. Ed. 857, 48 S. Ct. 451, 56 A.L.R. 583;
Graves v. Texas Co., 298 U.S. 393, 80 L. Ed. 1236, 56 S. Ct.
818; Western Union Tel. Co. v. Texas, 105 U.S. 460, 26 L. Ed.
1067. The independent transaction between the Federal Govern-
ment and the beneficiary-claimant (more precisely, the fact
that "actual cost" is the measure adopted by that separate
undertaking as basis of reimbursement of the disability-claim-
ant) because of which the Federal Government is put to conse-
quential expense equal to the amount of the tax, does not
transform the tax into a "burden" on the Federal Government
within the forbidding Constitutional implications necessarily
inherent in our Federal-State relationship. Alabama v. King
& Boozer, supra; Curry v. United States, supra; James v. Dravo

Contr. Co., supra; Wilson v. Cook, __ U.S. __, 90 L. Ed. (Adv.) 609; Trinityfarm Contr. Co. v. Grosjean, supra; Metcalf v. Mitchell, supra.

By its action in reimbursing a beneficiary-claimant upon an "actual expense basis," Veterans' Administration does not acquire a right to refund of the gasoline tax, either upon the theory of Constitutional immunity of the Federal Government to State taxation or by establishment of a claim within the statutory provisions exempting from the tax gasoline sales to the Federal Government; the beneficiary-claimant had no such right to which it could succeed.

You are therefore advised that the claims for refunds founded upon the case outlined above should be declined.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Gaynor Kendall

Gaynor Kendall
Assistant

APPROVED OCT 21, 1946

ATTORNEY GENERAL OF TEXAS

GK:db

APPROVED
OPINION
COMMITTEE
BY H.V.G.
CHAIRMAN